UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARK ANTHONY HENDRICKSON, an
individual,

    Plaintiff,

v.                                               Case No.  6:13-cv-310-ORL-31TBS

SERCO, INC., a foreign corporation,

    Defendant.
_____/

ORDER

Pending before the Court is Plaintiff's Motion to Compel Discovery and to Designate Dates for Depositions.  (Doc.. 20.)  Plaintiff's deposition was scheduled and then cancelled when he had a conflicting obligation.  (Id., p 5.)  His lawyer has offered to work with defense counsel to reschedule the deposition.  (Id.)  Plaintiff's lawyer has also attempted to set depositions.  (Id., p. 2.)  In response, Defendant's lawyer wrote a letter stating:

> As Plaintff, Mr. Hendrickson bears the burden of proof and our position is that he should be deposed first.  Since he is now no longer available on July 18th, please provide dates that he is available in July and August.

Defendant has not provided any legal authority or analysis to support its assertion that plaintiffs must be deposed first. (Doc. 21.)  Defendant's position is unfounded and any objection by Defendant on this ground is OVERRULED.  To this extent, the motion to compel is GRANTED.

The parties' motion papers suggest unreasonableness on both sides when it comes to scheduling depositions.  But, with the exception of the deposition timing

issue, counsel have not furnished the Court with sufficient proof for it to decide who is right and who is wrong. Therefore, pursuant to Rule 37(a)(5)(iii) FED.R.CIV.P., neither party will recover attorney's fees and costs incurred in connection with the motion.

The relief requested in the motion to compel is DENIED. Counsel are expected to approach the scheduling of all discovery courteously, cooperatively and in good faith. Attempts by counsel to impose discovery requirements that are not provided for in the Federal Rules of Civil Procedure or the Local Rules for the Middle District of Florida are unacceptable. Within fourteen days from the rendition of this Order, counsel shall meet and confer to schedule the depositions they currently wish to take. Depositions shall be scheduled based upon the availability of witnesses and counsel, without regard to which party has the burden of proof on a particular issue. If counsel are unable to agree and an extraordinary level of Court involvement in discovery is needed, the parties should file a motion for a case management conference.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on July 10, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel